**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern  District of  Texas
(State)

Case number (*If known*): 23-[●]   Chapter  11

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  SMI Topco Holdings, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)   8 2 – 3 0 3 6 8 5 0

4. **Debtor's address**

   **Principal place of business**

   8 Sound Shore Drive
   Number    Street

   _____

   Greenwich         CT       06830
   City              State    ZIP Code

   Fairfield
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City         State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____
   City         State    ZIP Code

5. **Debtor's website** (URL)   https://www.smi.com/

---

Debtor  SMI Topco Holdings, Inc.                             Case number (*if known*) 23-[●]
　　　　　Name

| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|
| 7. | Describe debtor's business | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>　5　6　2　9 |
| 8. | Under which chapter of the Bankruptcy Code is the debtor filing?<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☑ A plan is being filed with this petition.<br>　☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor  __SMI Topco Holdings, Inc._____        Case number (*if known*) 23-[●]_____
        Name

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes.  District _____  When _____  Case number _____<br>                                            MM / DD / YYYY<br>        District _____  When _____  Case number _____<br>                                            MM / DD / YYYY |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☑ Yes.  Debtor __See Rider 1_____  Relationship _____<br>        District _____  When _____<br>                                            MM / DD / YYYY<br>        Case number, if known  _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No  See Rider 2<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>    **Why does the property need immediate attention?**  (*Check all that apply*.)<br><br>    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>       What is the hazard? _____<br><br>    ☐ It needs to be physically secured or protected from the weather.<br><br>    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>    ☐ Other _____<br><br>    **Where is the property?** _____<br>                         Number     Street<br>    _____<br>    _____  _____  _____<br>    City                                                 State ZIP Code<br><br>    **Is the property insured?**<br>    ☐ No<br>    ☐ Yes. Insurance agency _____<br>           Contact name _____<br>           Phone _____ |

**Statistical and administrative information**

Debtor    SMI Topco Holdings, Inc.                              Case number (*if known*) 23-[●]
          Name

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors** | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. | **Estimated assets** | ☑ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☑ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on  12/04/2023<br>             MM / DD / YYYY<br><br>✗ /s/ Brian Michaud                         Brian Michaud<br>Signature of authorized representative of debtor    Printed name<br><br>Title  President and Secretary |
|---|---|---|

Debtor  SMI Topco Holdings, Inc.
        Name

Case number (*if known*) 23-[●]

**18. Signature of attorney**

✗ /s/ Paul E. Heath
Signature of attorney for debtor

Date 12/04/2023
MM / DD / YYYY

Paul E. Heath
Printed name

Vinson & Elkins LLP
Firm name

845 Texas Ave.
Number     Street

Houston                                Texas           77002
City                                   State           ZIP Code

713-758-3313                           pheath@velaw.com
Contact phone                          Email address

09355050                               Texas
Bar number                             State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **5**

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the <u>Debtor in the United States Bankruptcy Court for the Southern District of Texas</u>**

| |
|---|
| American Specialty Glass, Inc. |
| Container Recycling Alliance, LLC |
| NexCycle, Inc. |
| Ripple Glass, LLC |
| SMI BevCon HoldCo, LLC |
| SMI Equipment, Inc. |
| SMI Group Acquisitions, Inc. |
| SMI Group Holdings, LLC |
| SMI Group Ultimate Holdings, Inc. |
| SMI Nutmeg HoldCo, LLC |
| SMI Reflective Industries HoldCo, LLC |
| SMI Reflective Recycling HoldCo, LLC |
| SMI Reflective Recycling NE HoldCo, LLC |
| SMI Topco Holdings, Inc. |
| Strategic Materials Holding Corp. |
| Strategic Materials, Inc. |

<b>Rider 2</b>

## Real Property or Personal Property That Needs Immediate Attention

Question 12, among other things, asks debtors to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

SMI Topco Holdings, Inc. and its affiliated companies that are also filing voluntary chapter 11 bankruptcy cases in this Court (collectively, the "***Debtors***") are, collectively, a privately held company that is the industry leader in recovering and processing post-consumer and post-industrial glass in North America. The Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety. The Debtors note that they are not aware of any definition of "imminent and identifiable" harm as used in this form.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-[____]** |
| | § | |
| **SMI TOPCO HOLDINGS, INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |

## CORPORATE OWNERSHIP STATEMENT (RULES 1007(a)(1) AND 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following are corporations, other than the debtor or a governmental unit, that directly own 10% or more of any class of the corporation's equity interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| SMI Topco L.P. | 17220 Katy Freeway, Suite 150<br>Houston, Texas, 77094 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-[_____]** |
| | § | |
| **SMI TOPCO HOLDINGS, INC.** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |

**LIST OF EQUITY SECURITY HOLDERS (RULE 1007(A)(3))**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| SMI Topco L.P. | 17220 Katy Freeway, Suite 150<br>Houston, Texas, 77094 | 100% |

Fill in this information to identify the case:

Debtor name  Strategic Materials, Inc., et al.

United States Bankruptcy Court for the: The District of Houston

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telePhone number, and Email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BNSF Railway Company  2650 Lou Menk Drive  Fort Worth, TX 76131 | Attn: Katie Farmer  Title: President and Chief Executive Officer  Phone: 800-795-2673  Email: katie.farmer@bnsf.com | Trade Payable | | | | $ 1,104,727 |
| 2 | Waste Management, Inc.  800 Capitol  Suite 3000  Houston, TX 77002 | Attn: James Fish Jr.  Title: President and Chief Executive Officer  Phone: (713) 512-6200  Email: jfish@wm.com | Trade Payable | | | | $ 948,935 |
| 3 | HRM Services, Inc.  2420 Davistown Road  Wendell, NC 27591 | Attn: Bradley Morgan  Title: President  Phone: (919) 868-2692  Email: Hrmservices@protonmail.com | Trade Payable | | | | $ 793,369 |
| 4 | CSX Transportation  500 Water St  15th Floor  Jacksonville, FL 32202 | Attn: Joseph R. Hinrichs  Title: President and Chief Executive Officer  Phone: 904-359-3200  Email: joe_hinrichs@csx.com | Trade Payable | | | | $ 787,437 |
| 5 | Pilkington  811 Madison Avenue  Toledo, OH 43604 | Attn: Stephen Weidner  Title: President and Head of Architectural Glass North America and Solar Products  Phone: (800) 221-0444  Email: stephen.weidner@nsg.com | Trade Payable | | | | $ 675,991 |
| 6 | Owens Illinois  One Michael Owens Way  Plaza 2  Perrysburg, OH 43551 | Attn: Andres Lopez  Title: Chief Executive Officer  Phone: 567-336-5000  Email: alopez@o-i.com | Trade Payable | | | | $ 624,869 |
| 7 | Cole Transportation Inc  1920 Duck Slough Blvd.  New Port Richey, FL 34655 | Attn: John Cole  Title: President  Phone: (727) 240-3363  Email: john.cole@colepallet.com | Trade Payable | | | | $ 565,721 |
| 8 | Smith Transport  153 Smith Transport Rd  Roaring Spring, PA 16673 | Attn: Todd Smith  Title: President  Phone: 800-877-1173  Email: tsmith@i65transport.com | Trade Payable | | | | $ 505,435 |
| 9 | S C Huntsman Trucking, LLC  4755 St Rt 309  Galion, OH 44833 | Attn: Scott Huntsman  Title: Owner  Phone: (419) 462-5223  Email: huntsmantrucking@yahoo.com | Trade Payable | | | | $ 497,640 |
| 10 | Union Pacific Railroad  1400 Douglas St.  19th Floor  Omaha, NE 68197 | Attn: Jim Vena  Title: Chief Executive Officer  Phone: 402-544-5000  Email: jvena@up.com | Trade Payable | | | | $ 443,621 |
| 11 | J. Gil Trucking  10135 Fm 1462  Alvin, TX 77511 | Attn: Noemi Gil-Rogers  Title: Office Manager  Phone: 281-331-2887  Email: jgiltrucking@outlook.com | Trade Payable | | | | $ 365,217 |
| 12 | US Transportation Services, Inc.  1511 US Highway 1  Suite 101  Sebastian, FL 32958 | Attn: Chief Executive Officer  Phone: (772) 664-7770  Email: ericab@us-transportation.net | Trade Payable | | | | $ 357,479 |

Debtor  Strategic Materials, Inc., et al.,_____                                                                                                                                   Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telePhone number, and Email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Ardagh Glass, Inc.<br>10194 Crosspoint Blvd.<br>Suite 410<br>Indianapolis, IN 46256 | Attn: Michael Dick<br>Title: Chief Executive Officer<br>Phone: (317) 558-1002<br>Email: mike.dick@ardaghgroup.com | Trade Payable | | | | $ 341,784 |
| 14 | RADO Mechanical Group LLC<br>341 Gees Mill Business Pkwy NE<br>Conyers, GA 30013 | Attn: Jon Dale<br>Title: Co-Owner<br>Phone: 770-602-3194<br>Email: info@radomechanicalgroup.com | Trade Payable | | | | $ 311,254 |
| 15 | United Concrete and Gravel, Ltd.<br>1279 Sword Rd.<br>Quesnel, BC V2J 3J4 | Attn: David Zacharias<br>Title: Owner<br>Phone: 250-992-7281<br>Email: quesneloffice@unitedconcrete.ca | Trade Payable | | | | $ 295,734 |
| 16 | C. Ray Trucking, Inc.<br>15695 Salt Creek Road<br>Dallas, OR 97338 | Attn: Clyde King<br>Title: President<br>Phone: (503) 838-6635<br>Email: clyde@c-raytrucking.com | Trade Payable | | | | $ 265,106 |
| 17 | Star Line Trucking Corp.<br>18480 W. Lincoln Ave<br>New Berlin, WI 53146 | Attn: Jesse Ball<br>Title: President and Chief Executive Officer<br>Phone: 262-786-8280<br>Email: jball@starlinetrucking.com | Trade Payable | | | | $ 261,311 |
| 18 | Tzeng Long USA, Inc.<br>2801 South Vail Avenue<br>Commerce, CA 90040 | Attn: Justine Chang<br>Phone:  (323) 722-5353<br>Email: Justine@tzenglong.com | Trade Payable | | | | $ 259,041 |
| 19 | B A Roberts, Inc.<br>1817 W County Line Rd.<br>Avon Park, FL 33825 | Attn: LT Galimba<br>Title: President & Operations Manager<br>Phone: (863) 452-6100<br>Email: tgalimba@barobertsinc.com | Trade Payable | | | | $ 252,804 |
| 20 | Fairview Trucking<br>1801 S. Bluff Road<br>Montebello, CA 90640 | Attn: Tammy Knutson<br>Title: Chief Financial Officer<br>Phone: 626-357-2177<br>Email: tknutson@westcoastfairview.com | Trade Payable | | | | $ 246,101 |
| 21 | T and T Trucking, Inc.<br>11396 North Highway 99<br>Lodi, CA 95240 | Attn: Terry Tarditi<br>Title: Owner<br>Phone: (209) 931-6000<br>Email: jarbuckle@tttrucking.com | Trade Payable | | | | $ 244,391 |
| 22 | Industrial Kiln and Dryer<br>12711 Townepark Way<br>Louisville, KY 40253 | Attn: Randall Young<br>Title: President<br>Phone: (877) 316-6140<br>Email: contact@industrialkiln.com | Trade Payable | | | | $ 218,242 |
| 23 | Kerr Farms LLC<br>10849 Coletown Lightsville Rd<br>Ansonia, OH 45303 | Attn: Chief Executive Officer<br>Phone: 812-369-1368<br>Email: Kerrfarmsllc@gmail.com | Trade Payable | | | | $ 215,065 |
| 24 | Boxell Trucking, Inc.<br>524 West Mulberry St.<br>Princeton, IN 47670 | Attn: Joey Boxell<br>Title: President<br>Phone: (812) 385-2752 | Trade Payable | | | | $ 210,657 |
| 25 | Parallel Products<br>401 Industry Rd.<br>Louisville, KY 40208 | Attn: Gene Kiesel<br>Title: President and Chief Executive Officer<br>Phone: 800-883-9100<br>Email: gkiesel@parallelproducts.com | Trade Payable | | | | $ 208,375 |
| 26 | Brigade Site Services LLC<br>6735 Silvercrest Dr.<br>Arlington, TX 76002 | Attn: Shkelzen Hasani<br>Title: Owner<br>Phone: (817) 584-4848<br>Email: Poppy@brigadesiteservices.com | Trade Payable | | | | $ 207,997 |
| 27 | Allan Company<br>540 W Chevy Chase Dr<br>Los Angeles, CA 90051-5633 | Attn: Jason Young<br>Title: Chief Executive Officer<br>Phone: (626) 962-4047<br>Email: jyoung@allancompany.com | Trade Payable | | | | $ 202,764 |
| 28 | Motion Industries, Inc.<br>File 749376<br>Los Angeles, CA 90074-9376 | Attn: Randall Breaux<br>Title: President<br>Phone: 800-526-9328<br>Email: randy_breaux@genpt.com | Trade Payable | | | | $ 194,515 |

Debtor  Strategic Materials, Inc., et al.,                                                                                                             Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telePhone number, and Email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 Nationwide Express<br>1211 E Lane St.<br>Shelbyville, TN 37160 | Attn: Bobby Holcomb<br>Title: Vice President of Business Development<br>Phone: 800-456-1553<br>Email: bholcomb@nationwide-express.com | Trade Payable | | | | $ 188,383 |
| 30 Go-Ko, Inc.<br>1644 West Edgewood Ave. Ste D<br>Indianapolis, IN 46217 | Attn: Linda Kopetsky<br>Title: Owner<br>Phone: 317-787-4285<br>Email: admin@gokoinc.com | Trade Payable | | | | $ 182,177 |

# OMNIBUS JOINT UNANIMOUS WRITTEN CONSENT OF
# THE BOARDS OF DIRECTORS OR MANAGERS
# OF
# SMI TOPCO HOLDINGS, INC.,
# SMI GROUP ULTIMATE HOLDINGS, INC., AND
# SMI GROUP HOLDINGS, LLC

## December 3, 2023

The undersigned, being (a) all of the members of the board of directors of each of SMI Topco Holdings, Inc., a Delaware corporation ("***SMI Topco***") and SMI Group Ultimate Holdings, Inc., a Delaware corporation ("***Group Ultimate***"), and (b) the requisite number of the members of the board of managers of SMI Group Holdings, LLC, a Delaware limited liability company ("***Group Holdings***", and together with SMI Topco and Group Ultimate, the "***Companies***" and each a "***Company***") (each such director or manager of the Companies, as applicable, a "***Consenting Party***" and collectively, the "***Consenting Parties***"), in lieu of a meeting of the undersigned and acting pursuant to Section 141(f) of the Delaware General Corporation Law or Section 18-404(d) of the Delaware Limited Liability Company Act, as applicable, do hereby consent to and adopt the following resolutions:

**WHEREAS**, Group Holdings and certain of the Companies' subsidiaries (the "***Subsidiaries***") are parties to that certain Restructuring Support Agreement, dated as of September 15, 2023 (including all exhibits, schedules and attachments thereto, and as amended, supplemented or otherwise modified from time to time, the "***Restructuring Support Agreement***"), by and among Group Holdings, the Subsidiaries and the other parties thereto;

**WHEREAS**, pursuant to the Restructuring Support Agreement, the Subsidiaries agreed to (a) market for sale all of the Subsidiaries' assets and property and consider bids for all or substantially all of the Subsidiaries' assets and property to a qualified bidder and/or (b) pursue a prepackaged chapter 11 plan (the "***Plan***") under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") to implement either (i) a sale resulting from the sale process described in clause (a) above or (ii) an equitization transaction;

**WHEREAS**, the Subsidiaries and each of the Companies (collectively, the "***Filing Parties***") subsequently determined that if the Subsidiaries pursue the Plan then it is advisable and in the best interest of the Filing Parties that the Companies pursue and become debtors under such Plan;

**WHEREAS**, in accordance with the Restructuring Support Agreement, the Filing Parties prepared a solicitation package including a Disclosure Statement for the Plan (including all schedules and exhibits thereto, the "***Disclosure Statement***," and together with the Plan, the "***Chapter 11 Documents***") and related ballots, notices, and other materials distributed to the holders of certain claims against the Subsidiaries in connection with soliciting their votes to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code and any applicable non-bankruptcy laws and within the meaning of section 1126 of the Bankruptcy Code (the "***Solicitation***"); and

**WHEREAS**, pursuant to the milestones set forth in the Restructuring Term Sheet, as extended in accordance with the terms thereof, the Filing Parties commenced solicitation of the Plan on November 15, 2023.

**Chapter 11 Filing**

**NOW, THEREFORE, BE IT RESOLVED**, that the Consenting Parties hereby determine that it is advisable and in the best interest of each Company, as applicable, to file voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court (the "***Petitions***"), consistent with the resolutions set forth herein;

**FURTHER RESOLVED**, that the officers of the relevant Companies (each, an "***Authorized Officer***"), acting alone or with one or more other Authorized Officers, are hereby authorized and empowered to take such actions and negotiate or cause to be prepared and negotiated and to execute and file the Petitions to commence the Chapter 11 cases, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the restructuring transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that each Company is hereby authorized to file or cause to be filed the Petitions with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone or with one or more other Authorized Officers, is hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of each Company, as applicable, the Petitions, in such form as prescribed by the Official Forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that, upon the filing of the Petitions as authorized by the preceding resolution, each Authorized Officer, acting alone or with one or more other Authorized Officers, is hereby authorized and empowered to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of each Company, as applicable, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 cases pursuant to the Bankruptcy Code (the "***Chapter 11 Cases***") and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, authorized and empowered to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of each Company, as applicable, all papers and pleadings that such Authorized Officer believes to be necessary or desirable to effect, cause or further the restructuring of each Company, as applicable, under Chapter 11 the Bankruptcy Code and any and all other documents necessary to effectuate the Plan, including the Disclosure Statement and any documents related thereto, together with any amendments or modifications thereto, or any restatements thereof, in each case, as the Authorized Officer may approve;

**General**

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized and empowered, on behalf of each Company, as applicable, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee, or representative of any Company in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved.

4877-7006-0936

3

[*The remainder of this page is intentionally blank.*]

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**THE DIRECTORS OF SMI TOPCO HOLDINGS, INC.:**

*/s/ Steven Raich*
_____
Steven G. Raich

*/s/ Brian Michaud*
_____
Brian Michaud

[Signature Page to the Omnibus Joint Written Consent of
**SMI TOPCO HOLDINGS, INC.**]

**THE DIRECTORS OF SMI GROUP ULTIMATE HOLDINGS, INC. AND THE REQUISITE NUMBER OF MANAGERS OF SMI GROUP HOLDINGS, LLC:**

_____
Steven G. Raich

_____
Brian Michaud

_____
Brian Ramsay

_____
L. Richard Crawford

[Signature Page to the Omnibus Joint Written Consent of
**SMI GROUP ULTIMATE HOLDINGS, INC.
SMI GROUP HOLDINGS, LLC**]

THE DIRECTORS OF SMI GROUP ULTIMATE HOLDINGS, INC. AND THE REQUISITE NUMBER OF MANAGERS OF SMI GROUP HOLDINGS, LLC:

_____
Steven G. Raich

_____
Brian Michaud

_____
Brian Ramsay

_____
L. Richard Crawford

[Signature Page to the Omnibus Joint Written Consent of
SMI GROUP ULTIMATE HOLDINGS, INC.
SMI GROUP HOLDINGS, LLC]

**Fill in this information to identify the case and this filing:**

Debtor Name: SMI Topco Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (*If known*): 23-[●]

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/04/2023
MM / DD / YYYY

✗ /s/ Brian Michaud
Signature of individual signing on behalf of debtor

Brian Michaud
Printed name

President and Secretary
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**